UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:   RANDY ALVIN BISHOP                                             Case No. 24-03205-jwb

        Debtor.                                                                               Chapter 7

                                                                                                                 Hon. James W. Boyd

_____/

## THOMAS MORAN AND MORAN IRON WORK'S MOTION FOR AN ORDER HOLDING VICTORIA BISHOP IN CONTEMPT OF ARPIL 18, 2025 ORDER REGARDING RULE 2004 EXAMINATION

      Thomas Moran and Moran Iron Works (collectively "Moran"), parties in interest, pursuant to 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9014 and Fed. R. Bankr. P.9020, move for an Order holding Debtor's non-filing spouse, Victoria Bishop in contempt of Court for her failure to comply, in any respect, with this Court's April 18, 2025 Order requiring her to produce documents and appear for a Rule 2004 examination ("Rule 2004 Order"). In support of their Motion, Moran states:

      1.    On December 9, 2024, Debtor Randy Bishop (but not his wife, Victoria Bishop) filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. Prior to the petition date, on October 28, 2024, Moran filed an eight-count complaint in Cheboygan County Circuit Court against Debtor and Michigan Broadcasters, LLC, seeking damages for defamation based on false statements made by Debtor and broadcast by MB. According to Debtor, Mrs. Bishop is the sole member of MB.

      2.    On January 5, 2025, Debtor filed his Schedules and Statement of Financial Affairs ("SOFA"). DN 18. As detailed in Moran's Motion to Extend the Deadline to Object to Debtor's Dischargeability, DN 41, which is incorporated by reference, Debtor's Schedules and his testimony during his 341 hearings, strongly suggest that Debtor has given a false oath, withheld documents and is otherwise not entitled to a discharge pursuant to 11 U.S.C. § 727. Without limitation, in connection with her successful 2024 campaign for election as the Antrim County Clerk, Mrs.

Bishop, in her own handwriting, completed, signed and filed campaign finance reports[1] reflecting that Debtor (whom she identified as an employee of MB) loaned his wife's campaign $10,000 in funds, goods and services within months of his petition date. *See* DN 41, Exhibit 18. Debtor failed to disclose these loans on his bankruptcy schedules and denied making any loans to third parties during the January 6, 2025 session of the 341 hearing.

3. Further, during his 341 hearings, and during his Rule 2004 examination conducted on April 15, 2025, when questioned about the entries on the campaign finance reports, Debtor claimed (A) the reports were erroneous and based faulty information provided to Mrs. Bishop by an unnamed bookkeeper; (B) that Mrs. Bishop was amending the false campaign finance reports and; (C) all questions regarding the campaign finance reports should be directed to Mrs. Bishop during her Rule 2004 examination. *See* Exhibit 1 at 63-75.

4. On March 25, 2025, Moran filed a Renewed Motion to conduct the Rule 2004 examination of Mrs. Bishop to be conducted on May 13, 2025. DN 51. Accompanying the Renewed Motion was a request for production of documents identifying the specific documents that Moran requested the Court to order Mrs. Bishop to produce to Moran's counsel by May 8, 2025.

5. On March 25, 2025, Moran caused to be personally served on Mrs. Bishop the Motion, a subpoena requiring her attendance at the Rule 2004 examination and a check representing the witness and mileage fees. *See* DN 54 and DN 60. Moran's counsel also served counsel representing Mrs. Bishop's single-member limited liability company that is named as a defendant in a state court defamation filed by Moran with a copy of the motion papers and proposed order. DN 54.

---

[1] It is uncontested that Debtor held himself out as his wife's "campaign manager."

6. Neither Mrs. Bishop nor anyone purporting to act on her behalf or Debtor's behalf filed an objection to the proposed Rule 2004 Order. DN 62. As a result, on April 18, 2025, this Honorable Court signed the Rule 2004 Order appended to Moran's Motion. *See* DN 63.

7. On April 24, 2025, Moran served Mrs. Bishop with the attested Rule 2004 Order via first class mail and via personal service. *See* DN 64.

8. On May 1, 2025, as a follow up to the Chapter 7 Trustee's questioning and request during a continued 341 hearing for the "amended" campaign finance report to correct Mrs. Bishop's alleged errors, Mrs. Bishop forwarded what purported to be an amended campaign finance report (which is undated) to Debtor's counsel and stated, "If you have any questions call Randy Bishop . . ." *See* Exhibit 2.

9. On May 8, 2025, Moran's counsel emailed both Debtor's attorney and Mrs. Bishop's state court counsel to remind them of the that May 8 was the deadline in the Court's Rule 2004 Order for Mrs. Bishop to produce documents. *See* Exhibit 3.

10. Mrs. Bishop failed and/or refused to comply with the deadline in the Court's Rule 2004 Order.

11. On May 9, 2025, Mrs. Bishop's state court counsel contacted Moran's counsel and claimed that Mrs. Bishop **might** be unable to attend her Rule 2004 examination for unspecified health reasons and was purportedly obtaining a "physician letter" regarding the condition that prevented her from testifying. Moran's counsel immediately responded and (1) requested to be provided with the "physician letter;" and (2) noting that there was no explanation why Mrs. Bishop failed to provide documents identified in the Rule 2004 Order. *See* Exhibit 4.

12. On May 12, 2025, within hours of the conclusion of a scheduling conference in the state court defamation matter, Debtor's bankruptcy counsel telephoned Moran's counsel and

4938-9298-7205_1

advised that he had received a message from Debtor that Mrs. Bishop would not be attending the Court ordered Rule 2004 examination due to ill health. Moran's counsel requested to be provided with confirmation regarding Mrs. Bishop's condition from a health care provider and, at a minimum, partial compliance with the Rule 2004 Order. *See* Exhibit 5.

13. On May 13, 2025, Moran's counsel (A) again invited Mrs. Bishop's counsel to discuss options for Mrs. Bishop to purge her contempt; and (B) advised him that, while Mrs. Bishop purportedly claimed to be too ill to attend her May 13, 2025 Rule 2004 examination, she was at the Antrim County Clerk's Office at the time her Rule 2004 exam was scheduled. *See* Exhibit 6. To date, neither Debtor's bankruptcy counsel nor the state court counsel representing Debtor and Mrs. Bishop have bothered to dispute that Mrs. Bishop was, in fact, at the Antrim County Clerk's office on the date and time scheduled for her Rule 2004 examination.

14. On May 13, 2025 and May 16, 2025, Moran submitted to Antrim County and the Secretary of State/Bureau of Elections in order to determine if Mrs. Bishop had, as represented, submitted an "amended" campaign finance report correcting the purportedly erroneous entries reflecting Debtor's loans to Mrs. Bishop's successful 2024 campaign. Responses from those *See* Composite Exhibit 7.

15. Mrs. Bishop has failed or refused to respond to direct communications from Moran's counsel regarding an agreement/arrangements to purge her contempt of this Court's Rule 2004 Order. *See* Exhibit 8.

16. In the present case, while Debtor and his non-filing spouse have been entwined n litigation with Moran, that does not justify Mrs. Bishop's ignoring this Court's April 18, 2025 Order because she evidently does not wish to be questioned about, among other things, a campaign finance report that she prepared and filed regarding her successful campaign for the Antrim County

Clerk's position that is irreconcilably inconsistent with Debtor's bankruptcy schedules. The documents both Debtor and his non-filing spouse have produced (or have failed to produce) and Debtor's testimony to date (such as it is) **strongly** suggest that Debtor is not an honest, but unfortunate, debtor who is entitled to the privilege of a Chapter 7 discharge.

WHEREFORE, Thomas Moran and Moran Iron Works, Inc. respectfully request that this Honorable Court:

A.   Enter an Order finding Victoria Bishop in contempt of the Rule 2004 Order;

B.   Order Mrs. Bishop to produce all records identified in the Rule 2004 Order to Moran's counsel and the United States Trustee within 24 hours of its Order finding Mrs. Bishop in contempt;

C.   Order Mrs. Bishop to appear for a Rule 2004 examination at a date and time to be scheduled by Moran's counsel prior to June 6, 2025;

D.   Order Mrs. Bishop to pay Moran's reasonable legal expenses incurred in connection with the preparation, filing and service of the Renewed Motion for Mrs. Bishop's Rule 2004 examination as well as those incurred in connection with the Motion to have her held in contempt in an amount to be taxed; and

E.   Order Mrs. Bishop to pay punitive damages of $10,000.

BODMAN PLC

Dated: May 23, 2025

By: /s/ Sandra L. Jasinski
Sandra L. Jasinski (P37430)
Attorneys for Thomas Moran and Moran Iron Works
201 South Division Street – Suite 400
Ann Arbor, Michigan 48104
(231) 627-8012
sjasinski@bodmanlaw.com