UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re

RANDY ALVIN BISHOP,                    :   Case No. 24-03205-jwb
                                           Chapter 7
      Debtor.                              Honorable James W. Boyd
_____/

SHOW CAUSE HEARING RE:   CONTEMPT OF COURT

TRAVERSE CITY, MICHIGAN - TUESDAY, AUGUST 26, 2025

APPEARANCES:

FOR THE DEBTOR:                    PAUL I. BARE (P26843)
                                   Bare & Westfall, PC
                                   3281 Racquet Club Drive, Unit C
                                   Traverse City, MI  49684
                                   (231) 946-4901
                                   lawofficecourtdocs@gmail.com

FOR VICTORIA BISHOP:               Andrew D. Concannon (P49336)
                                   Smith Bovill, PC
                                   200 St. Andrews Road
                                   Saginaw, MI  48638
                                   (989) 792-9641
                                   aconcannon@smithbovill.com

FOR THOMAS MORAN AND MORAN
IRON WORKS, INC.:                  SANDRA L. JASINSKI (P37430)
                                   Bodman PLC
                                   201 South Division Street
                                   Suite 400
                                   Ann Arbor, MI  48104
                                   (231) 627-8012
                                   sjasinski@bodmanlaw.com

ALSO PRESENT:                      Victoria Bishop


Court Reporter:                    Gail L. Beach
                                   837 Aleda Ct. SE
                                   Grand Rapids, MI  49508-7416

2

TABLE OF CONTENTS

WITNESSES:

None

EXHIBITS:

None

* * * *

THE CLERK:  The next two matters are for Randy Bishop.

THE COURT:  All right.  May I have appearances in Bishop, and we'll start here in the courtroom.

MR. BARE:  Paul Bare on behalf of the debtor.

THE COURT:  Good morning, Mr. Bare.

MR. BARE:  Good morning.

MS. JASINSKI:  Sandra Jasinski on behalf of Tom Moran and Moran Iron Works.

THE COURT:  Good morning, Ms. Jasinski.

MR. CONCANNON:  Andrew Concannon on behalf of Victoria Bishop.

THE COURT:  Good morning, Mr. Concannon.

MR. CONCANNON:  Good morning, your Honor.

THE COURT:  Okay.  Any other appearances?

Okay.  It looks like -- is that Ms. Bishop that's on, too?

MR. CONCANNON:  She was on by phone a minute ago.  I don't see her on the screen right now.

THE COURT:  I think I --

MS. JASINSKI:  I did.  She is appearing.

Gail L. Beach, CSR, RPR - (616) 813-5510

THE COURT:  Is that --

Ms. Bishop, is that you?  If it is -- I can't hear you -- just give me a wave, to make sure I know it's you.

Yup.  That's her.

I want the record to reflect that since this does involve Ms. Bishop, the record should reflect that she is here today. Okay.

All right.  This is before the court on the second order requiring Ms. Bishop to purge her contempt of court by a date certain, and adjourning with conditions.  On October [sic] 20th, Ms. Jasinski filed a memo regarding Ms. Bishop's ongoing failure to comply with the requirements of the prior ordered 2004 exam indicating -- and she did a nice job, I thought, of attaching some documents that indicated for the most part, most of the documents were provided, but there were still certain gaps for which certain documents were not provided.

Ms. Jasinski, from your perspective, is that still the status of those documents?

MS. JASINSKI:  Your Honor, after I filed this report on August 20th, that evening, Mr. Concannon sent me additional documents concerning -- that were within the scope of the Rule 2004 exam; and there was still a page missing for one of the account statements.  And I advised him of the page that was missing for one of those account statements.  It hasn't yet been produced.  And certainly that what was clear is that Mrs. Bishop

did not comply fully with the court's order by the August 13th date.

THE COURT:  Okay.  But for the one page, has everything been provided at this point?

MS. JASINSKI:  Yes.

THE COURT:  Okay.  And, Mr. Concannon, would you agree with that?

MR. CONCANNON:  Yeah, your Honor.  Just so the record can reflect, the court had indicated that records that could be obtained but had not yet been obtained by Ms. Bishop were technically under control or under her control, and she endeavored to get records that she didn't produce.

On August 2nd, I produced 4Front records, I believe, which were complete on that date or soon thereafter, because Ms. Jasinski sent me a kind of spreadsheet.  Then I -- my client had to wait 18 days to obtain August 20 the documentation with respect to the Antrim County Conservative Union from the bank there; I believe it was Huntington Bank.  We submitted those on the 18 -- on the 20th.  I believe Ms. Jasinski indicated that there was one page missing.

But I just wanted the court record to reflect kind of the timeline, because I would ask the court to consider at what point does Ms. Bishop get out of the fine obligation, if you will?  I think, in fairness, when she sent the documentation through me on the 2nd, through no fault of her own, it took

Huntington 18 days.  And that's $1,800 in additional fines.  And I would ask the court to consider not charging my client, and essentially closing the fine window up through August 2nd.

Thank you, your Honor.

THE COURT:  Thank you.  And just -- I just want to be sure of the dates again, Mr. Concannon.  And what I'm looking at is that Ms. Bishop shall incur a fine of a hundred dollars per day commencing on the date of the order, which was July 31, until she provided all the documents under paragraph 6 and 7.  And again, tell me again the dates that you're looking at for purposes of the implementation of that provision.

MR. CONCANNON:  Right.  I think, at the very least, it would end August 20 when the last documents were provided.  I'm asking the court to consider that, by the 2nd, when Ms. Bishop was able to get -- which would be day three of your order potentially, or maybe two days -- she had to wait 18 days, through no fault of her own, from Huntington providing the documentation.  When she got it on the 20th, she immediately had it scanned and sent it to me, and I forwarded it to Ms. Jasinski.  So, technically speaking, I think that the court could conclude that she didn't complete the documentation delivery until 20 days after your order.  I'm asking the court to consider those 18 days, and potentially waiving some or all of that $1,800 in additional fines, given the delay from Huntington Bank.

THE COURT:  Okay.

MR. CONCANNON:  Thank you, your Honor.

THE COURT:  Thank you, Mr. Concannon.

MS. JASINSKI:  Your Honor, if I may.

THE COURT:  Yeah.  Go ahead.

MS. JASINSKI:  The one statement that jumped out at me that Counsel Concannon made is that the delay in providing the documents was due to no fault on Mrs. Bishop's part.  We're here because she completely ignored this court's April 18 order for the Rule 2004 exam.  So, to the extent that she and her counsel is arguing that there should be some decrease in the court-ordered penalties, and asserting that delay is through no fault of her own, the reason that we are before the court today on what is the fourth hearing regarding Mrs. Bishop's contempt, the reason that we are here today is because of Mrs. Bishop's fault.  And I think it would be -- it's appropriate for this court to award the full measure of the fine that's contemplated by its July 31 order.

And, as we said in the report that we submitted to the court, we're also seeking to recover on the legal expenses that had been incurred in the over, now, four-month effort to get Mrs. Bishop to comply with this court's order.  And we're asking that the court award those fees in an amount that will be asked --

THE COURT:  Okay.

Gail L. Beach, CSR, RPR - (616) 813-5510

MS. JASINSKI: -- after this hearing.

THE COURT: Thank you. All right.

Yeah. I mean, on the fine, I'm not inclined to reduce it. I would agree that, I mean, this has been going on since April. And I think Ms. Bishop's been in control of her own destiny for virtually that entire time period. So, you know, the hundred dollar fine should run from July 31st to August 20th.

And on the attorney fees, you know it's -- I took a look at this before the hearing. And I'm looking at a recent Sixth Circuit case, it's sort of on point here, *NLRB, National Labor Relations Board v. Bannum*, 93 F.3d 973. Real -- I mean, it wasn't a bankruptcy case but similar facts. And the Sixth Circuit reiterated what it said before. It is well settled that costs may be awarded as part of the remedy to which the complainant is entitled in successfully prosecuting a civil contempt proceeding. Costs and attorney fees are appropriate to compensate for expenditures incurred due to the contemnor's noncompliance.

So, the court will award attorney fees here to Ms. Jasinski's client. And again, it's well settled that costs may be awarded as a part of the remedy to which the complainant is entitled in successfully prosecuting the civil contempt proceeding. An award of attorney fees is appropriate for civil contempt. The purpose is to compensate for the expenditures incurred due to Ms. Bishop's noncompliance with the original

April order and subsequent orders.  They need to be tied together, certainly.  In other words, what damages were actually caused by the contempt?  And that's what I'm going to be looking at.

So, I'll ask Ms. Jasinski to file an application for reimbursement of attorney fees.  The way we'll look at that, again, a subsequent decision in the same case by the Sixth Circuit, *NLRB v. Bannum* at 102 F.4 358 (2024), makes clear that the starting point is a lodestar amount, in other words, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.

I'll ask Ms. Jasinski to file that, please.  I would give Ms. Bishop and her counsel, 21 days to review that, to file any objections to that.  And certainly to the extent there are -- if there are objections to those matters, the court will schedule a hearing and deal with those as appropriate.

Ms. Jasinski, are you able to do that -- let me see what date are we on -- by -- in the next week or so; or how much time would you like?

MS. JASINSKI:  I will make it -- I will make it so, your Honor.

THE COURT:  Yeah.  Let's just say by September 2.

MS. JASINSKI:  It will be done.

THE COURT:  And you can do it on a notice and opportunity to object, giving Ms. Bishop 21 days to object.  And

certainly again, if an objection is filed, the court will deal with those in the ordinary course.

And I think that should resolve the hearing for today; is that correct?

MS. JASINSKI:  I believe so --

THE COURT:  Okay.

MS. JASINSKI:  -- as it concerns Mrs. Bishop.

I think that we had a matter set for control for Mr. Bishop and his compliance with his document production obligations under his Rule 2004 exam, but that's a separate matter.

THE COURT:  Yeah.

Mr. Bare, you're here on that, I assume?

MR. BARE:  Yes, your Honor.

THE COURT:  Anything on that issue, or no?

MR. BARE:  Well, we've -- we provided -- I had my client -- we determined that some bank account information was -- the final documents, I had my client go to the bank and meet with the bank officer.  He provided what they had.

Ms. Jasinski did send me an email indicating that she felt that additional information could be provided by the bank under certain circumstances.  I have not been in the office much the last week.  I haven't had a chance to talk to Ms. Jasinski.

I guess it's kind of up to her what she wants me to do. Does she want me to do a subpoena on the bank, or an affidavit; or what is it she wants me to do to get that information from

the bank?

MS. JASINSKI:  Your Honor -- and I would be happy to provide the court with the same kind of record that we provided in connection with Mr. Bishop, which I did provide to Mr. Bare prior to the hearing, understanding that he's been out of his office.

Mr. Bare did represent that Huntington Bank advised that they only kept the records that were going back two years -- two or three years, I believe, excuse me.  And he provided some statements.  But he failed to provide statements -- even within that three-year period, he didn't provide personal bank statements for July through December of 2023, and then January through August of 2024.  But he provided other records.

And I asked Mr. Bishop, you know, if -- for an explanation as to why those records for the past three years were not produced, and haven't received anything.

And Mr. Bishop advised Mr. Bare that the look-back period was three years.  And he has not produced documents from the bank even during that three-year period.  And so, here we are again with Mr. Bishop and a failure to produce documents requested in connection with his Rule 2004 examination.

THE COURT:  Mr. Bare.

MR. BARE:  Give me ten days.  I'll take care of it.  I'll just take care of it myself.

THE COURT:  All right.  What's the dead- -- and I

don't have the docket pulled up.  What's the deadline, in terms of a dischargeability complaint?  I know you guys have extended --

MS. JASINSKI:  September.  September 15th.

THE COURT:  Okay.  Okay.  Here's what I'll do.  As to Mr. Bishop on the 2004 exam, I'm going to adjourn this over for September 30.

Mr. Bare, I'm going to take you on your word that you'll get the documents to Ms. Jasinski by the -- in ten days.  And hopefully that will be enough time for her to make any decisions about moving forward or not moving forward by September 15.

But again, as before, to the extent that the timeline needs to be extended again, if you can stipulate to that, that's fine. If not, file a motion, Ms. Jasinski.

MR. BARE:  I'll call Huntington and find out what's going on.

THE COURT:  Thank you.

As to Mrs. Bishop, the court will enter an order with respect to the fine issue that we addressed.  And I think that resolves it.  It's been a long, long hard road.

Mr. Concannon, you've been immensely helpful, at least from the court's perspective in getting Mrs. Bishop to the finish line on this.  And I just want to personally thank you for stepping in when you did and --

MR. CONCANNON:  Thank you, your Honor.

12

THE COURT:  -- providing that effort.

Mrs. Bishop, I know you've had some health issues.  I just wish you well, and hope you're doing okay.

And, with that, I think we're concluded with this hearing.

MR. CONCANNON:  Thank you, your Honor.

THE COURT:  Okay.  Thanks everyone.

MR. BARE:  Thank you.

- - - -

**REPORTER'S CERTIFICATE**

I, Gail L. Beach, certify that the foregoing transcript is a true and accurate record of the proceedings, consisting of 12 pages.

_____/s/_____
Gail L. Beach, CSR-2574, RPR
837 Aleda Ct., SE
Grand Rapids, MI  49508-7416
(616) 813-5510

- - - -